UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD EUGENE RUSHING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06CV1490(MLM) |
| | ) |
| TEXAS BOARD OF PARDONS AND PAROLES, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Donald EugenE Rushing for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### The petition

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he pleaded guilty in Texas state court to burglary of a vehicle and was sentenced to not less than two years nor more than seven years prison. Petitioner

contends that he served his Texas state sentence and that his obligations there have been completely discharged. Despite this, petitioner contends that the Texas Board of Pardons and Paroles has issued a parole violator warrant for his arrest. Petitioner seeks to have the parole violator warrant "expunged."

Petitioner, who now resides in St. Louis, Missouri, states that he is not currently in confinement. There is no allegation that petitioner must report to local parole authorities or that local parole authorities control or monitor petitioner's actions. Indeed, it appears that neither Missouri nor St. Louis parole officials know that petitioner is residing here. The only current "restraint" on petitioner's liberty appears to be the long-arm of the Texas Board of Pardons and Paroles which is attempting to pull petitioner back to Texas. Petitioner further asserts that he has not presented his claim to any state court "because [he is] trying for expun[ge]ment in federal court on this warrant and [he] do[es]n't beli[e]ve the State has the authority to expung[e] it."

### Discussion

Federal courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 22419(a). The writ extends to persons "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).

The term "custody" has been liberally construed to include not only incarceration, but other significant restraints on personal liberty including release on parole. See Jones v. Cunningham, 371 U.S. 236, 243 (1963).

The problem in the instant case, however, is that while petitioner is located within the territorial jurisdiction of this Court, the Texas Board of Pardons and Paroles is not.[1] Compounding the problem is that there is not even a local custodian acting as an agent for the Texas Board of Pardons and Parole (for example, a Missouri parole officer) upon whom the writ could be issued. Even if this Court assumed petitioner should be granted § 2254 relief, there is no one within the Eastern District of Missouri upon whom to issue the writ. The complete absence of a custodian in this

---

[1] The Court stresses that this case presents unusual circumstances compared to the "typical" habeas case. The typical habeas involves a person in physical custody. Petitioner, however, is not currently in physical custody. Instead, petitioner's "custody" exists, if at all, only in the broadened sense that restraints have allegedly been placed on petitioner's liberty by the conditions of parole issued by the Texas Board of Pardons and Paroles. Furthermore, there appears to be no local person or agency to whom petitioner must report or who is charged with monitoring petitioner's compliance with those alleged parole conditions. Again, the usual practice when a parolee moves from one state to another is that the parole agency in the receiving state accepts supervision over the parolee.

federal district is fatal to this Court's jurisdiction. See Schlanger v. Seamans, 401 U.S. 487, 490-91 (1971).

Jurisdiction would appear to be proper in the federal district court encompassing Austin, Texas, where the Texas Board of Pardons and Paroles - petitioner's alleged custodian - is located. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Consequently, jurisdiction over the instant action would appear to exist in the United States District Court for the Western District of Texas. At a minimum, that court would appear to be a more convenient forum for determining whether petitioner is - or is not - still subject to the terms and conditions imposed by the Texas Board of Pardons and Paroles. Braden, 410 U.S. 493-94.[2] In short, if petitioner seeks federal habeas relief from the conditions of his Texas parole, he must - under the facts of this case - bring his federal habeas action in the United States District Court for the Western District of Texas.

In accordance with the foregoing,

---

[2] The Court notes that petitioner alleges that he has not sought any relief in the state courts. While it may be true that a Missouri state court cannot "expunge" an arrest warrant issued by the Texas Board of Pardons and Paroles, the federal court in Texas would be in a better position to determine whether there is any mechanism by which a Texas state court could "expunge" the parole violator warrant.

4

IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis [Doc. #2] is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the petition because this Court lacks jurisdiction to entertain the instant action.

An appropriate order shall accompany this order and memorandum.

Dated this 22nd day of March, 2007.

/s/ Stephen N. Limbaugh
SENIOR UNITED STATES DISTRICT JUDGE